# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-1027V
### Filed: March 20, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SKYLEE BUTLER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Andrew Downing, Esq.*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Ashley Simpson, Esq.*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 18, 2016, Crystal Butler filed a petition for compensation under the National Vaccine Injury Compensation Program on behalf of her then-minor daughter.[2] Skylee Butler ("Ms. Butler" or "petitioner") was then substituted as petitioner on October 9, 2018 upon reaching the age of majority. ECF No. 44. Petitioner alleged that she received an HPV vaccine on August 21, 2013, and thereafter suffered various injuries. Petition, ECF No. 1, at 1. On November 30, 2018, petitioner filed an unopposed Motion to dismiss the petition, and on the same day the undersigned issued her Decision dismissing the petition for insufficient proof. ECF No. 46.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On December 10, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 45 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $40,279.37, representing $29,282.50 in attorneys' fees and $10,996.87 in costs. Fees App at 2. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any expenses in pursuit of this litigation. *Id.* at 4. Respondent responded to the motion on March 5, 2019, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. ECF No. 52. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although petitioner was not successful in pursuing her claim, the undersigned finds that both elements have been met. First, the undersigned does not doubt that petitioner brought her claim in a good-faith belief that her vaccination played a causal role in her injury. Additionally, the claim possessed sufficient objective support to meet the second half of the reasonable basis test, and Respondent has not challenged the reasonable basis of the claim. Accordingly, a final award of attorneys' fees and costs is proper.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### a. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. See *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. Andrew Downing, $350.00 per hour for work performed in 2016, $375.00 per hour for work performed in 2017, and $385.00 per hour for work performed in 2018; and for Ms. Courtney Van Cott, $195.00 per hour for work performed in 2017 and $205.00 per hour for work performed in 2018. Fees App. at 38-39. Petitioner also requests that paralegals be compensated at $100.00 per hour for work performed in 2016 and $135.00 per hour for work performed in 2017-2018. *Id.* These rates are consistent with what the undersigned and other special masters have previously awarded Van Cott & Talamante attorneys and paralegals. *See Cowles v. Sec'y of Health & Human Servs.*, No. 16-1164V, 2018 WL 2772312 (Fed. Cl. Spec. Mstr. Apr. 26, 2018); *Carey v. Sec'y of Health & Human Servs.*, No. 16-828V, 2018 WL 1559805, at *6 (Fed. Cl. Spec. Mstr. Feb. 26, 2018). Accordingly, no adjustment to the requested rates is necessary.

    b. **Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at \*9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at \*26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at \*3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at \*2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review, the undersigned finds the hours billed by Mr. Downing, Ms. Van Cott, and paralegal Robert Cain to be reasonable. The hours billed by paralegal Danielle Avery, however, contain several errors that warrant an overall reduction. First, Ms. Avery billed for administrative tasks such as payment of invoices for medical records. *See, e.g.,* Fees App. at 15-18 (entries on 7/28/16, 8/1/16, 8/3/16, 8/10/16, 8/18/16, 9/7/16, 12/1/16, 5/22/17).[4] Other administrative tasks charged for include scanning records, bates stamping, and otherwise preparing records for filing (entries on 11/22/16, 4/13/17, 12/8/17, 12/28/17, 1/30/18). These tasks are not compensable under the Act.

Also concerning is that Ms. Avery appeared to view 0.2 hours as the minimum amount of time required to complete most tasks. For example, she routinely billed 0.2 hours to "receive, review and process" all filings made in this case, no matter how mundane or routine they may be, such as the notice of assignment to the undersigned, scheduling orders of the Court, and status reports filed by Respondent. She also routinely billed at least 0.3 hours to "finalize and electronically file" documents such as exhibits and status reports. In the undersigned's experience, all of these tasks are typically billed at 0.1 hours, if they are billed for at all. Other special masters have previously noted that billing in minimum increments greater than 0.1 hours is not permissible in the Vaccine Program. *See Sheridan v. Sec'y of Health & Human Servs.*, No. 17-669V, 2019 WL 948371, at \*2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Meadows v. Sec'y of Health & Human Servs.*, No. 16-861V, 2018 WL 6292565, at \*2 (Fed. Cl. Spec. Mstr. Oct. 31, 2018).

---

[4] The examples listed herein are merely meant to be illustrative of an issue and are not intended to represent all such instances of the issue in the billing records.

Accordingly, the undersigned will reduce the total number of hours billed by Ms. Avery by 20%.[5] The record indicates that she billed a total of 51.6 hours for a total of $6,063.00. Fees App. at 31. This results in a total reduction of **$1,212.60**.

### c. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $10,996.87 in costs for obtaining medical records, the Court's filing fee, and the expert work of Dr. Yehuda Shoenfeld in reviewing the medical records and preparing an expert report. Fees App. at 33-40. Petitioner has provided adequate documentation for all of these costs, and the undersigned finds them to be reasonable and shall award them in full.[6]

Warranting reduction is petitioner's claimed expenses for ingoing and outgoing faxes. Petitioner's counsel has been notified previously that operating the office fax machine is part of a law office's general overhead and thus separate costs should not be charged to individual cases. *Sheridan,* 2019 WL 948371, at*3; *Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 n.5 (Fed. Cl. Spec. Mstr. May 11, 2017). Other special masters have also held that costs associated with faxes are non-compensable. *See Dashty v. Sec'y of Health & Human Servs.*, No. 15-966V, 2018 WL 6990680, at *5 (Fed. Cl. Spec. Mstr. Nov. 21, 2018). The total amount billed for sending and receiving faxes in the instant case is $281.50. Fees Ap. At 40. Accordingly, the award of attorneys' costs is reduced by **$281.50**.

## III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

---

[5] The undersigned notes that if these problematic billing practices continue, a larger reduction to attorneys' fees may be made.

[6] Although the undersigned finds the total amount requested as reimbursement for Dr. Shoenfeld's work to be reasonable, the undersigned notes that the reasonableness of Dr. Shoenfeld's requested hourly rate is not being considered at this time. Additionally, while the total number of hours billed by Dr. Shoenfeld (18.0) is reasonable for review of medical records, medical literature, and preparation of an expert report, Dr. Shoenfeld only presented two billing entries – ten hours for records and literature review and eight hours for writing the report. Entries such as these constitute block-billing, which is impermissible in the Vaccine Program whether it is done by attorneys or experts. Both Dr. Shoenfeld and petitioner's counsel Mr. Downing have a plethora of experience in the Vaccine Program and are both no doubt aware of this requirement for billing clarity. Counsel should be expected to notify experts to track their work with sufficient detail and should exercise care to make sure that invoices submitted to the Court for review and reimbursement contain this level of detail. **Failure to provide sufficiently detailed invoices for experts in the future may result in a reduction of the amount reimbursed.**

1) **A lump sum in the amount of $38,785.27, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Mr. Andrew Downing of Van Cott & Talamante, PLLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth<br>
Mindy Michaels Roth<br>
Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).